[L. A. No. 1402. Department One.—August 5, 1905.]

BEN W. CAVE et al., Respondents, v. GEORGE W. TYLER et al., Defendants; KATE HARVEY, as Administratrix of Estate of Hannah S. Skinner, Deceased, Appellant.

QUIETING TITLE—APPROPRIATION OF STREAM—ACT OF CONGRESS—PRIORITY AGAINST RIPARIAN OWNER—UNDERGROUND STREAM—SUPPORT OF FINDINGS.—In an action to quiet title to all waters flowing into a creek appropriated by plaintiffs, where the evidence is conflicting, but there is sufficient evidence to show that plaintiffs' rights were protected by the act of July 26, 1866, against the subsequent riparian rights of one of the defendants, and that such defendant had acquired no prescriptive right against plaintiffs, but her rights were limited to two inches of water developed from a cienega above which the riparian stream sank and ran as an underground stream into the creek appropriated by plaintiffs, findings for the plaintiffs as to all the water, except such two inches, are supported, and cannot be disturbed upon defendant's appeal.

APPEAL from a judgment of the Superior Court of San Bernardino County. Frank F. Oster, Judge.

The facts are stated in the opinion of the court.

T. R. Archer, for Appellant.

Otis, Gregg & Surr, for Respondents.

SHAW, J.—The plaintiffs sued the defendants to quiet title to the waters of Mill Creek in San Bernardino County, and to restrain the defendants from diverting any portion of the waters thereof to the injury of the plaintiffs. One of the defendants, Hannah S. Skinner, appeared separately and answered, claiming a right to the water of Mountain Home Creek, a tributary of Mill Creek, as riparian owner thereon, and also a right by appropriation of the water derived from a cienega or marsh on her land. This cienega was situated in a side cañon known as Snow Creek Cañon, leading into Mountain Home Creek, in which there was a small stream known as Snow Creek flowing into Mountain Home Creek. Plain-

tiffs claim that the water of the cienega seeped into the stream
and became a part of the waters of Mill Creek to which they
were entitled. The judgment was to the effect that the plain-
tiffs were the owners of the right to all the waters of Mill
Creek, including those of Mountain Home Creek and Snow
Creek and the cienega to the extent of twenty-five hundred
inches continuous flow under a four-inch pressure, excepting
a quantity flowing from the cienega equivalent to two inches
flow under a four-inch pressure. From this judgment this
appeal is taken by Katie Harvey, as administratrix of the
estate of Hannah S. Skinner, now deceased.

The appellant's contention is, that the findings of the court
to the effect that the plaintiffs are the owners of all the water
of Mill Creek to the extent of twenty-five hundred inches,
except the two inches allowed to the defendants, and the find-
ing that the waters of the cienega constitute a part of the
flowing waters of the stream known as Snow Creek are not
sustained by the evidence. Mrs. Skinner's land is riparian to
Mountain Home Creek and also to Snow Creek, and is situ-
ated some five miles above the point of diversion of the plain-
tiffs in Mill Creek. The right of the plaintiffs is founded
solely upon appropriation and prescription. Mrs. Skinner
derived title to her land under a grant from the United States
to the Southern Pacific Railroad Company under the act of
Congress approved March 3, 1871. By the provisions of the
act of July 26, 1866, this grant is subject to all water-rights
which had vested and accrued prior to the grant. The court
found that the rights of the plaintiffs and their predecessors
in interest had accrued prior to that time, and upon this find-
ing the decree is based that the plaintiffs' rights by appro-
priation and diversion, exercised below the lands of the
appellant, are paramount to her riparian rights. The law
upon this subject is not disputed. The sole question to be
determined by the court below was whether or not the present
right of the plaintiffs had accrued and vested prior to March
3, 1871, and then included all the water to the extent of
twenty-five hundred inches. It would serve no useful pur-
pose to enter into a discussion of the evidence for and against
this finding. There was evidence to the effect that for many
years prior to 1871, and continuously during the irrigating
season of every year, the plaintiffs and their predecessors in

interest had appropriated, diverted, and used, under a claim of right so to do, all of the water naturally flowing in Mill Creek at their point of diversion; and furthermore, that such use, and claim of right to the use, of all the water had continued down to the time the action was begun. The only interruption of this use was that caused by the development of the two inches of water from the cienega which the court adjudged belonged to the appellant. There was evidence, and the court found, that the appellant had used fifteen inches of the waters of Mountain Home Creek for the irrigation of her land; but the court further found, upon sufficient evidence, that this use began after 1871, was not acquiesced in by the plaintiffs, but was interrupted and was not of such a character as to give the appellant a right by prescription to take from the plaintiffs the water which they had appropriated prior to the grant. Under this evidence, therefore, the court was fully justified in finding that the plaintiffs had title to all the water except said two inches. It is true there was evidence to the contrary from which a contrary conclusion might, perhaps, have been reached, but the conflict was a matter solely for the consideration of the trial court, and with its conclusion we cannot interfere. It is proper to say, however, that we think the finding of the court is in accordance with the weight of the testimony.

With respect to the waters of the cienega, there was evidence to the effect that the waters of Snow Creek, or a portion thereof, sank at some point above the cienega and ran or seeped under the ground through the cienega and emerged into the creek again below, and that it was not mere percolating water, but constituted what has been defined by this court as an underground stream. This is sufficient to sustain the finding of the court upon that point.

The judgment is affirmed.

Angellotti, J., and Van Dyke, J., concurred.