[L. A. No. 9461. In Bank.—July 18, 1929.]

SAN BERNARDINO NATIONAL BANK et al., Respondents, v. W. J. JONES et al., Appellants.

Jones, Hoyt & Rifkind for Appellants.

Swing & Wilson for Respondents.

LANGDON, J.—This action was brought by plaintiffs to quiet title to their rights in a tunnel and pipe-line conveying water therefrom and situated on the lands of defendants, and to the easement therefor and to prevent the destruction of the said pipe-line by defendants.

It appears, without dispute, that the predecessors of plaintiffs acquired the water rights in question by appropriation while the land now owned by defendants was government land. [1] When patent issued it contained the usual provision: "Subject to any vested or accruing water rights for mining, agricultural, manufacturing or other purposes and rights to ditches or reservoirs used in connection with such water rights, as may be recognized by the local customs, laws

and decisions of courts, etc. . . . '' This patent was duly recorded and whatever notice is given by the reservation contained therein is binding upon the defendants here, as the patent is in their chain of title.

The physical facts at the time defendants purchased the property and took possession thereof appear from the findings of the trial court to be: ''Plaintiffs' predecessor entered in and upon lot 9 (now defendants' property) and constructed a tunnel at a spring thereon and thereby developed water in said tunnel and conveyed said water through a pipe line from said spring and tunnel to and across said lots 9 and 8 to the lands of plaintiffs.'' A concrete bulkhead was constructed in the mouth of the tunnel by one of plaintiffs' predecessors in interest in 1906, causing water to accumulate in a small reservoir, and an underground pipe, at some places three-quarters of an inch and at other places an inch in diameter, extended from the reservoir in a general southwesterly direction about three hundred feet to a house on lot 8 and thence in the same general direction approximately fifteen hundred feet to a house on the plaintiffs' land.

The trial court found that the defendants acquired their property in 1923 with notice and knowledge of facts and circumstances sufficient to put a prudent man on inquiry as to the existence of rights, claims and ownerships of plaintiffs in and to the tunnel situated on said lot 9 and the water flowing therein, and that by prosecuting such inquiry, said defendants would have learned of the existence of such rights. Upon such findings, judgment was entered for plaintiffs, from which the defendants appeal.

The appellants urge that while the recordation of the patent to defendants' land constituted constructive notice to them of its contents, the language thereof was not sufficient to give notice that the waters of the spring upon the property purchased by them had been appropriated before the land was acquired by a private owner; that no actual knowledge is chargeable to defendants. The position taken by appellants, if sound, would make it incumbent upon an appropriator, in order to protect his rights, to give notice to each subsequent purchaser of the servient tenement, as to the nature and extent of the rights appropriated.

Conceding, although not deciding, that the physical facts gave no actual or constructive notice to defendants of the

nature and extent of plaintiffs' rights, and that the findings upon these matters are not supported by the record, we think the situation here presented is controlled by the holding in *Cave* v. *Tyler,* 147 Cal. 454 [82 Pac. 64]. In that case there was a grant by the government to a railroad company subsequent to the Congressional Act of 1866. Prior to the grant to the railroad company Cave and his predecessors in interest had appropriated the water of Mill Creek five miles below the then government land. There was nothing on the government land to give notice of such appropriation, nor was there anything to show that either the Southern Pacific Company or its grantee had either notice or knowledge of such appropriation, nor was there any record thereof except the usual reservation in the patent, as in the case at bar. The court said: "Mrs. Skinner derived title to her land under a grant from the United States to the Southern Pacific Company under the act of Congress approved March 3, 1871. By the provisions of the Act of July 26, 1866, this grant is subject to all water rights which had vested and accrued prior to the grant. The court found that the rights of the plaintiffs and their predecessors in interest had accrued prior to that time, and upon this finding the decree is based that the plaintiffs' rights by appropriation and diversion, exercised below the lands of the appellant, are paramount to her riparian rights. The law upon this subject is not disputed."

To the same effect is the case of *LeQuime* v. *Chambers,* 15 Idaho, 405 [21 L. R. A. (N. S.) 76, 98 Pac. 415].

The judgment is affirmed.

Preston, J., Seawell, J., and Waste, C. J., concurred.